UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

November 16, 2016

LETTER TO COUNSEL

      RE:    *Tina Denise Brown v. Commissioner, Social Security Administration*;
                Civil No. SAG-16-37

Dear Counsel:

      On January 6, 2016, Plaintiff Tina Denise Brown petitioned this Court to review the Social Security Administration's final decision to deny her claim for Supplemental Security Income. (ECF No. 1). I have considered the parties' cross-motions for summary judgment, as well as Ms. Brown's reply. (ECF Nos. 20, 23, 24). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the judgment of the Commissioner, and remand the case to the Commissioner for further analysis pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

      Ms. Brown filed a claim for Supplemental Security Income ("SSI") on January 27, 2012. (Tr. 164-72). She alleged a disability onset date of December 1, 1999. *Id.* Her claim was denied initially and on reconsideration. (Tr. 79-82, 85-86). A hearing was held on July 9, 2014, before an Administrative Law Judge ("ALJ"). (Tr. 29-50). Following the hearing, the ALJ determined that Ms. Brown was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 9-28). The Appeals Council denied Ms. Brown's request for review, (Tr. 1-6), so the ALJ's decision constitutes the final, reviewable decision of the Agency.

      The ALJ found that Ms. Brown suffered from the severe impairments of "bipolar disorder; polysubstance abuse; and depressive disorder, obesity." (Tr. 14). Despite these impairments, the ALJ determined that Ms. Brown retained the residual functional capacity ("RFC") to:

> perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant can understand, remember, and carry out simple instructions and can have occasional contact with supervisors, but can never have contact with co-workers and the public.

(Tr. 17-18). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Brown could perform jobs existing in significant numbers in the national economy and that, therefore, she was not disabled. (Tr. 21).

*Tina Denise Brown v. Commissioner, Social Security Administration*
Civil No. SAG-16-0037
November 16, 2016
Page 2

Ms. Brown raises two primary arguments on appeal: (1) that the ALJ's holding runs afoul of the Fourth Circuit's decision in *Mascio v. Colvin*, 780 F.3d 632, 638 (4th Cir. 2015); and (2) that the ALJ failed to properly evaluate pertinent evidence proffered by the consultative physician, Dr. Arnheim.[1]  Pl. Mot. 14-21; Pl. Rep. 1-8.  I concur that the ALJ's opinion is deficient under *Mascio*, and thus recommend remand to allow compliance with that decision.

In *Mascio*, the United States Court of Appeals for the Fourth Circuit determined that remand was appropriate for three distinct reasons, including, as pertinent to this case, the inadequacy of the ALJ's evaluation of "moderate difficulties" in concentration, persistence, or pace.  *Id*. at 638.  At step three of the sequential evaluation, the ALJ determines whether a claimant's impairments meet or medically equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Listings 12.00 et. seq., pertain to mental impairments. 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00. The relevant listings therein consist of: (1) a brief statement describing a subject disorder; (2) "paragraph A criteria," which consists of a set of medical findings; and (3) "paragraph B criteria," which consists of a set of impairment-related functional limitations.  *Id*. at § 12.00(A).  If both the paragraph A criteria and the paragraph B criteria are satisfied, the ALJ will determine that the claimant meets the listed impairment.  *Id*.

Paragraph B consists of four broad functional areas: (1) activities of daily living; (2) social functioning; (3) concentration, persistence, or pace; and (4) episodes of decompensation. The ALJ employs the "special technique" to rate a claimant's degree of limitation in each area, based on the extent to which the claimant's impairment "interferes with [the claimant's] ability to function independently, appropriately, effectively, and on a sustained basis."  20 C.F.R. § 404.1620a(c)(2).  The ALJ uses a five-point scale to rate a claimant's degree of limitation in the first three areas: none, mild, moderate, marked, or extreme. *Id*. § 404.1620a(c)(4). In order to satisfy paragraph B, a claimant must exhibit either "marked" limitations in two of the first three areas, or "marked" limitation in one of the first three areas with repeated episodes of decompensation.  *See*, *e.g.*, 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.02. Marked limitations "may arise when several activities or functions are impaired, or even when only one is impaired, as long as the degree of limitation is such as to interfere seriously with [the claimant's] ability to function." *Id*. at § 12.00(C).

The functional area of "concentration, persistence, or pace refers to the ability to sustain focused attention and concentration sufficiently long to permit the timely and appropriate completion of tasks commonly found in work settings."  *Id*. at § 12.00(C)(3).  Social Security regulations do not define limitations in concentration, persistence, or pace "by a specific number

---

[1] Ms. Brown also argues that the ALJ failed to provide the VE with a sufficient hypothetical.  Specifically, Ms. Brown contends that "[t]he ALJ's failure to include limitations in concentration, persistence, and pace" in the hypothetical to the VE rendered the VE's opinion deficient. Pl. Mot. 17.  Because the ALJ's analysis of Ms. Brown's issues in concentration, persistence, or pace warrants remand, the ALJ should, on remand, determine whether substantial evidence merits inclusion of a limitation in concentration, persistence, or pace in the hypothetical to the VE.  *Dardozzi v. Colvin*, No. SAG-16-20, 2016 WL 6085883, at *4 (D. Md. Oct. 18, 2016) (citing *Copeland v. Bowen*, 861 F.2d 536, 540-41 (9th Cir. 1988)).

of tasks that [a claimant is] unable to complete." *Id*. The regulations, however, offer little guidance on the meaning of "moderate" limitations.

The Fourth Circuit remanded *Mascio* because the hypothetical the ALJ posed to the VE – and the corresponding RFC assessment – did not include any mental limitations other than unskilled work, despite the fact that, at step three of the sequential evaluation, the ALJ determined that the claimant had moderate difficulties in maintaining concentration, persistence, or pace. *Mascio*, 780 F.3d at 637-38. The Fourth Circuit specifically held that it "agree[s] with other circuits that an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." *Id*. at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)) (internal quotation marks omitted). In so holding, the Fourth Circuit emphasized the distinction between the ability to perform simple tasks and the ability to stay on task, stating that "[o]nly the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." *Id*. Although the Fourth Circuit noted that the ALJ's error might have been cured by an explanation as to why the claimant's moderate difficulties in concentration, persistence, or pace did not translate into a limitation in the claimant's RFC, it held that absent such an explanation, remand was necessary. *Id*.

In the instant case, the ALJ found Ms. Brown to have moderate limitations in maintaining concentration, persistence, or pace. (Tr. 16). Notably, the ALJ noted that "[Ms. Brown's] ability to concentrate is certainly impacted by her depression." *Id*. The ALJ also noted Ms. Brown's testimony that "she has difficulty following hour-long television programs," as well as the fact that "[s]he was slow to answer questions during consultative examinations." *Id*. (citing Tr. 29-50, 359-64, 595-605). However, the ALJ also noted that "[Ms. Brown's] limitations are still well within the parameters of simple, routine tasks." (Tr. 16). As a result, the ALJ limited Ms. Brown to "simple instructions" with "occasional contact with supervisors, but can never have contact with co-workers and the public." (Tr. 17-18).

Ultimately, the ALJ's analysis is simply insufficient to permit adequate review. Without further explanation, I am unable to ascertain whether the ALJ truly believed Ms. Brown to have moderate difficulties in concentration, persistence, and pace, instead of mild, or no difficulties, and how those difficulties restrict her RFC to "simple instructions" without further limitation in her ability to sustain simple work. In light of this inadequacy, I must remand the case to the Commissioner for further analysis consistent with the Fourth Circuit's mandate in *Mascio*. On remand, the ALJ should explain why Ms. Brown has moderate difficulties in concentration, persistence, and pace, and should impose an appropriate limitation(s) to address her difficulties. In so holding, I make no finding as to whether the ALJ's ultimate conclusion that Ms. Brown was not disabled was correct or incorrect.

Ms. Brown makes the additional argument that the ALJ failed to properly evaluate the medical opinion of the psychiatric consultant, Dr. Arnheim. Specifically, Ms. Brown contends that "[the ALJ's] decision to give only limited weight to the findings of Dr. Arnheim…was not based on substantial evidence and did not comply with the requirements for evaluating opinion

evidence under C.F.R. (Section) 404.1527(e)(2)(ii)." Pl. Mot. 21. Contrary to Ms. Brown's assertion, the ALJ provided an adequate evaluation of Dr. Arnheim's opinion based on substantial evidence. Notably, Dr. Arnheim opined that Ms. Brown had "depressive symptoms with evidence of concentration difficulties, poor memory, auditory hallucinations, mood swings/irritability, and paranoid thinking." (Tr. 16) (citing Tr. 29-50, 359-64, 595-605). Dr. Arnheim also noted that Ms. Brown had "severe deficits in speed/accuracy in learning/executing a repetitive visual-motor task," and was "minimally responsive to the interview and test questions." (Tr. 597). Additionally, Dr. Arnheim opined that Ms. Brown's fatigue and pain "seemed to interfere with her focus and concentration during the evaluation, and [], along with her depressed mood, disruptions in cognitive processing, and slow verbal and behavioral responses to questions and instructions likely contributed to her low scores on the WAIS-IV." *Id.*

However, the ALJ assigned Dr. Arnheim's opinion "limited weight" because it was inconsistent with the medical evidence and unsupported by the objective record. (Tr. 20). Most significantly, the ALJ disagreed "with the marked social limitations because that finding is not supported by the record." *Id.* Indeed, substantial evidence elsewhere in the record belies Dr. Arnheim's opinion, including the fact that "[Ms. Brown] [] interacted appropriately with her medical providers…[and] during her disability hearing," (Tr. 16), that "her symptoms improved when she took her medications," (Tr. 19), and that the State agency opinions noted more moderate social limitations, (Tr. 365-68, 427-30). However, the ALJ "agree[d] with [Dr. Arnheim] that [Ms. Brown] can understand and remember simple instructions, which is consistent with the findings in this examination, as well as with the medical evidence[.]" (Tr. 20). Ultimately, my review of the ALJ's decision is confined to whether substantial evidence, in the record as it was reviewed by the ALJ, supports the decision and whether correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 404 (1971). Even if there is other evidence that may support Ms. Brown's position, I am not permitted to reweigh the evidence or to substitute my own judgment for that of the ALJ. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). In light of the evidence supporting the ALJ's conclusion here, remand on this basis is unwarranted.

Ms. Brown also argues that the ALJ failed to consider the factors outlined in 20 C.F.R. § 404.1527(c)(1)-(6) when assigning weight to Dr. Arnheim's opinion. The regulations require an ALJ to assess several factors when determining what weight to assign to the medical opinions presented. 20 CFR 404.1527(d). These factors include: the examining relationship between the physician and the claimant; the treatment relationship between the physician and the claimant; the specialization of the physician; the consistency of a medical opinion with the record as a whole; and the extent to which a medical opinion is supported by evidence. 20 CFR § 404.1527(d)(1)-(5). Upon review of the record, I find that the ALJ cited each factor required under the regulations. Specifically, the ALJ noted that Dr. Arnheim was Ms. Brown's consultative physician and examined her in July, 2014. (Tr. 15). The ALJ also adduced Dr. Arnheim's opinion and cited his Consultative Examination Report, which contains Dr. Arnheim's original notes and denotes his specialization as a psychologist. (Tr. 15, 20, 595-605). The ALJ then held that Dr. Arnheim's opinion as to marked social limitations was unsupported

by the objective medical evidence of record. (Tr. 20). Considering the entirety of the ALJ's RFC analysis, I find that the ALJ properly applied the regulations in assigning weight to Dr. Arnheim's opinion, and that her assignment is supported by substantial evidence.

For the reasons set forth above, Plaintiff's Motion for Summary Judgment (ECF No. 20) is DENIED and Defendant's Motion for Summary Judgment (ECF No. 23) is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's judgment is REVERSED IN PART due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge